37 F.3d 1508
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 WATER WORKS, INC., Petitioner,
v.
FEDERAL AVIATION ADMINISTRATION, Respondent.
 No. 93-70175.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 12, 1994.
Decided Sept. 19, 1994.
 
 1
 Before: WALLACE, Chief Judge, BROWNING, Circuit Judge, and TURRENTINE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 "Characteristics indicating finality include providing a 'definitive' statement of the agency's position, having a 'direct and immediate' effect on the day-to-day business of the complaining parties, having the 'status of law,' and carrying the expectation of 'immediate compliance with [its] terms.' " Blincoe v. F.A.A., --- F.3d at ---- (9th Cir.1994) ( quoting FTC v. Standard Oil Co. of California, 449 U.S. 232, 239 (1981)). Viewed in light of these well-established criteria and this court's opinion in Blincoe, the District Office's letter is clearly not a "final" order.
 
 
 4
 By its terms, the letter is not a "definitive" determination by the agency that the Airport Authority violated Sec. 1349(a). In a letter sent prior to issuing its findings, the District Office characterized its resolution of the allegations as "advisory, and ... meant to help the parties to the complaint reach a mutual understanding and resolution of the issue." The text of the District Office's "Analysis and Findings" states, "[t]his finding is an informal review of a third party complaint." See Blincoe, --- F.3d at ---- (text of letter from FAA District Office stating, "[t]his determination is an informal finding" issued "in an effort to informally resolve the alleged discriminatory policy and procedures" suggests letter is not "definitive" statement of FAA's conclusions).
 
 
 5
 As in Blincoe, the tentative nature of the District Office's determination is also indicated by the regulation under which it was issued. --- F.3d at ----. The District Office's investigation pursuant to 14 C.F.R. Sec. 13.1 was only for the purpose of deciding whether the FAA would, without further action from Water Works, initiate further proceedings. Id. at ---- (District Office's determination not final where it does not "complete the administrative process, but rather ... prompt[s] the FAA to initiate further investigative or enforcement proceedings...."). As the District Office pointed out in its Analysis and Findings, "withholding of funds or other sanctions [against the Airport Authority] can occur only after a formal administrative hearing process as specified in 14 Code of Federal Regulations Part 13."
 
 
 6
 Our conclusion is not altered by the District Office's letter acknowledging "your formal complaint against the Airport Authority." Water Works does not dispute it failed to meet the prerequisites for a "formal" complaint under 14 C.F.R. Sec. 13.5, and this reference, alone, is insufficient to transform the District Office's preliminary findings into a "definitive" statement of the FAA's position.
 
 
 7
 As in Blincoe, the District Office's determination does not carry an expectation of "immediate compliance with its terms" or have a "direct and immediate" effect on the day-to-day business of the complaining party.
 
 
 8
 The only "direct and immediate" effect of the District Office's informal determination whether discrimination has occurred is to decide whether the petitioner or the FAA bears the responsibility of initiating further proceedings against the Airport Authority by filing a formal complaint under Sec. 13.5.
 
 
 9
 --- F.3d at ----.
 
 
 10
 Finally, there is no suggestion or indication in the record that Water Works will suffer undue hardship if it does not obtain judicial review at this point. A finding of discrimination by the District Office would entitle Water Works to no immediate relief, but would only trigger further proceedings. The fact that Water Works, rather than the FAA, must initiate those proceedings "does not add to the hardship [Water Works] may suffer as a result of the District Office's decision if this court declines to review his claim now." Id. at ----.
 
 
 11
 The petition for review is DISMISSED.
 
 
 
 *
 The Honorable Howard B. Turrentine, Senior Judge, United States District Court for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3. The parties are familiar with the facts and issues, and we will not repeat them